UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CESAR CONTRERAS-MUNOZ,

    Petitioner,

    v.                                  CAUSE NO.: 3:18-CV-485-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Cesar Contreras-Munoz, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his guilty plea and 37 year sentence for dealing cocaine as a gang member by the Elkhart Circuit Court on January 7, 2010, under cause number 20C01-0711-FA-57. ECF 2 at 1. However, habeas corpus petitions are subject to a strict one-year statute of limitations.[1]

---

[1] 28 U.S.C. § 2244(d) provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Contreras-Munoz wrote:

> Petitioner has been consistently denied all competent attorney representation. He has never had a legitimate interpreter; has never been able to effectively communicate with his counsel or the court. He did not understand English well, and was unable to present or assist in his defense. The trial judge refused to follow or sentence petitioner according to the plea agreement. Police and prosecutorial misconduct so infected proceedings as to make a fair trial impossible – including perjury and evidence tampering; falsifying statement by police; false statements by state witnesses. Newly-discovered evidence proves police lied about drug buy, and was in another city at time. Indiana courts refused to reach the merits of issues raised, therefore "AEDPA" does not apply.

ECF 2 at 6.

First, the one-year period of limitation established by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) is not dependent on whether a State court has considered the merits of a claim presented in a habeas corpus petition. *See* 28 U.S.C. § 2254(d). Rather, the limitation is merely the deadline before which a petitioner must file his federal habeas corpus petition. Second, the statute provides four possible dates from which the limitation period can begin to run. Nothing in the answer to question 9 or any other part of the petition indicates State action impeded Hubbard from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right. Therefore 28 U.S.C. § 2244(d)(1)(B) and (C) are not applicable here.

Contreras-Munoz argues that he has newly-discovered evidence proving the police lied about the drug buy. "Petitioner has records and can prove, police officer and the C.I. – (Confidential Informant) were at a different location 'buying drugs' at the

same time they claimed to have been purchasing from petitioner." ECF 2 at 4. To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). If the police and the confidential informant were not buying drugs from Contreras-Munoz at the time they claimed to have been doing so, Contreras-Munoz would have known their statements were false when he first heard them. Though he might not have had other evidence proving they were lying, he nevertheless would have had personal knowledge about the factual predicate of this claim. He would have known he was not where they said he was. He would have known he did not sell them drugs when they said he did. It is likely he knew of these allegations against him before he pleaded guilty and was sentenced. However if he did not, through the exercise of due diligence, he could have. Thus, 28 U.S.C. § 2244(d)(1)(D) is not applicable to this case. Rather, the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time to pursue direct review.

Contreras-Munoz pleaded guilty and was sentenced on January 7, 2010. He did not file a direct appeal and the time for doing so expired on February 8, 2010. *See* Indiana Rules of Criminal Procedure 19 and Indiana Rules of Appellate Procedure

3

9.A.(1) (a notice of appeal must be filed within 30 days); Indiana Rules of Criminal Procedure 21 (trial and appellate rules apply in criminal cases unless they conflict with a criminal rule); Indiana Rules of Trial Procedure 6(A) ("[t]he period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed.") and Indiana Rules of Appellate Procedure 25.B. (same method of computing the last day); and *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires).

Thus his limitation period began to run on February 9, 2010, and expired one year later on February 8, 2011. Contreras-Munoz did not sign his habeas corpus petition until more than seven years later on June 25, 2018. Though he filed a post-conviction relief petition on December 2, 2013, and unsuccessfully sought leave to file a successive post-conviction relief petition on February 27, 2018, by then the one-year period of limitation had already expired. Once expired, later filings did not restart the federal clock, or "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). Moreover, the unauthorized successive post-conviction petition would not have tolled the one-year period of limitations even if it had been filed before the deadline expired. *See Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's request to pursue a successive petition was pending) (citation omitted). Therefore this habeas corpus petition is untimely and must be denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Contreras-Munoz to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Cesar Contreras-Munoz a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Cesar Contreras-Munoz leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the Clerk is to close this case.

SO ORDERED on July 18, 2018

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT